[S.. F. No. 12443.  Department Two.—November 21, 1928.]

GEORGE W. HICKS et al., Respondents, v. GEORGE OSBORNE WILSON, Appellant.

Knight, Boland & Christin for Appellant.

Grove J. Fink and Albert L. Johnson for Respondents.

LANGDON, J.—This is an appeal by the defendant Wilson from a judgment against him in an action brought to recover $3,000 alleged to be due for money paid to defendant Cokely, a realtor, as agent for defendant Wilson, on account of the purchase of real property. Defendant Wilson, the owner of the real property, refused to execute a deed conveying the same to plaintiffs. Wilson offered the sum of $600 to plaintiffs and upon their refusal to accept the tender he placed the money in the bank and gave notice of the deposit.

The trial court found that on November 2, 1920, Cokely was duly empowered and authorized, in writing, to sell the real property in question; that, thereafter, and during the month of November, 1920, the plaintiff entered into a binding contract of purchase of said property; that the authorization of the agent included the following: "I authorize said W. H. Cokely to accept a deposit on account of the purchase price of said property and give receipt therefor in my name." That plaintiffs, during the month of November, 1920, deposited with and in the hands of the defendant Cokely as the agent of defendant Wilson and for and on account of said defendant Wilson the sum of $3,000 as a part of the purchase price of the property, for which payment a receipt was duly issued by the agent; that on December 1, 1920, defendant Wilson was apprised of the fact that plaintiffs were making payments, on account of the purchase price, to Cokely, and on December 2, 1920, after receiving information from the plaintiffs as to the payments by them to Cokely, defendant Wilson received the sum of $500 from his agent Cokely on account of said purchase price; that, thereafter, by letter of December 27, 1920, to plaintiffs, defendant Wilson attempted, for the first time, to repudiate the actions of his agent, Cokely.

It was also found that the delivery of the $3,000 by the plaintiffs to defendant Cokely, as agent for defendant Wilson, was made prior to the delivery of the premises involved by defendant Wilson to plaintiffs and prior to defendant Wilson's notice to plaintiffs not to pay any more money to said Cokely; that, at all times between November 2, 1920, and December 27, 1920, the defendant Wilson held out Cokely as his agent for the consummation of the sale herein and in the beginning expressly told plaintiffs to do business with him. It is also found that defendant Wilson refused and still refuses to deliver a deed to the property and also refuses to return to plaintiffs their partial payment of $3,000 made upon the purchase of the premises.

On substantially the same facts this case has been before this court on a prior appeal (*Hicks* v. *Wilson*, 197 Cal. 269 [240 Pac. 289]), where this court adopted the opinion of the district court of appeal, in which that court answered and met every argument made by appellants upon the present appeal. We decline to discuss these same argu-

ments again. This is the third occasion upon which the overcrowded calendars of the appellate courts of this state have been further burdened with this case. The record discloses that the merits of the case are entirely with the plaintiffs, as is also the law. The case presented upon the second trial, as the findings herein set forth will indicate, differs in no substantial particular from the case set forth in the opinion of the district court of appeal upon the former appeal, which opinion and decision was considered and approved by this court in the decision we have cited. There is no possible justification for a second appeal, after the first decision stating the law of the case and clearly and emphatically discussing the arguments made by appellant and differentiating from the instant case the authorities upon which he relies. The plaintiffs in this case have been deprived of their money now for about eight years, due to this protracted litigation.

The judgment is affirmed with the addition of a fine of $250 to be paid by appellant for a frivolous appeal.

Richards, J., and Shenk, J., concurred.

Hearing in Bank denied.

All the Justices concurred.